# JANUARY TERM, 1912.

### PRESENT:

Hon. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. CLARK A. SMITH,
Hon. SILAS W. PORTER,  } JUSTICES.
Hon. ALFRED W. BENSON,
Hon. JUDSON S. WEST,

THE CITY OF KANSAS CITY, *Appellee*, v. THE R. J. & W. M. BOYD CONSTRUCTION COMPANY, *Appellant*.

#### No. 16,782.

##### HEADNOTE BY THE REPORTER.

1. OVERPAYMENT—*Mistake—Recovery Back.* Where a city, by mistake, issues its warrant for an amount in excess of that due a construction company and pays the warrant to an endorsee the city may recover the overpayment from the construction company.

2. CITIES—*Public Improvements—Payment in Bonds—Value.* Where a city, exercising its option, pays for public improvements in bonds, and there is no value fixed in the contract, there is no presumption that the bonds were to be taken at any particular price.

Appeal from Wyandotte district court. Opinion filed January 6, 1912. Affirmed.

*Thomas A. Pollock,* for the appellant.

*R. J. Higgins,* and *Nathan Cree,* for the appellee.

*Per Curiam:* Mr. Boyd admitted the overpayment by the city and testified that the money on the warrant went to their credit at the bank and that they used it. Since the company got the money it is proper that the

company should pay it back. Besides this, however, it makes no difference whether the warrant were paid directly to the company or were paid for its benefit under the order of its endorsement. There is no distinction in this respect between the portion of the warrant which represented money due the company and the portion included by mistake.

The tort statute of limitations has no application to the city's cause of action.

The city had the option to pay in money or in bonds. It chose to pay in bonds, and so this is not a case of the acceptance of a less sum of money for a greater. The contract fixed no standard of value for the bonds and there is no presumption that they were to be taken at par or at the market price or at any other price. The parties interpreted the contract to mean that the bonds were to be taken at an agreed price. Some were taken at par and some at 101⅛. The receipts expressed the agreed price and that is the end of the matter.

The judgment is affirmed.