No. 28,420.

W. J. Blair et al., *Appellants*, v. Minnie B. Haas, *Appellee.*

(273 Pac. 400.)

Opinion filed January 12, 1929.

*Thomas M. Lillard,* of Topeka, *Thomas A. Fairchild* and *H. R. Fulton,* both of Holton, for the appellants.

*A. E. Crane, B. F. Messick* and *A. Harry Crane,* all of Topeka, for the appellee.

The opinion of the court was delivered by

Marshall, J.: This action is one to recover money that had been paid by the plaintiffs to the defendant on a note secured by a real-estate mortgage which had been given by Earl E. Whitcraft and Mary H. Whitcraft to the defendant in the sum of $5,000, and which had been assigned by the defendant to W. L. Johnson. Judgment was rendered in favor of the defendant on her demurrer to the evidence of the plaintiffs, who appeal.

The action was tried by a jury. At the conclusion of the evidence the defendant demurred thereto, which demurrer was sustained by the court. Then, at the request of the plaintiffs, the court made findings of fact as follows:

"1. The court finds that on the 20th day of January, 1925, Earl E. Whitcraft and Mary H. Whitcraft, his wife, executed and delivered their promissory note in writing whereby for value received they promised to pay to Minnie B. Haas, the defendant, five years after date, the sum of five thousand dollars, with interest on the same at the rate of six per cent per annum; that to secure said note the said Earl E. Whitcraft made, executed and delivered a mortgage deed to the said P. M. Haas, defendant, on the following-described real estate situate in Jackson county, Kansas, to wit: The south half of the northwest quarter of section one (1), township six (6), of range fifteen (15); that the said mortgage was duly filed in the office of the register of deeds of Jackson county, Kansas, and duly recorded in book 82 at page 601 in said office.

"2. That P. M. Haas, the husband of said defendant Minnie .B. Haas, negotiated this loan and transacted all of the business connected therewith as the duly authorized and acting agent of the said defendant Minnie B. Haas; that said promissory note provided that any part of the principal of said note could be paid by the makers thereof at any interest-paying time, principal and interest payable at the office of P. M. Haas, Holton, Kan.

"3. That the note and mortgage heretofore described was a renewal of a note and mortgage dated January 2, 1920, for the same sum given by Earl E. Whitcraft and his wife to Minnie B. Haas; that Earl E. Whitcraft had at all times paid the interest on said mortgage to P. M. Haas, at his office in the city of Holton, Kansas, and renewed said note and mortgage so given to Minnie B. Haas at said office.

"4. That on the 11th day of March, 1925, Earl E. Whitcraft and Mary H. Whitcraft sold and conveyed by warranty deed the above-described real estate to W. J. Blair and Alma L. Blair, subject to the mortgage to Minnie B. Haas, for $5,000, which the grantees assumed and agreed to pay.

. "5. That on the 18th day of March, 1925, the said defendant, Minnie B. Haas, made a written assignment on the back of said mortgage to W. L. Johnson of Atchison, Kan., which assignment was acknowledged before P. M. Haas, as notary public, and was filed for record on the 22d day of May, 1925, in the office of the register of deeds, of Jackson county, Kansas.

"6. That the evidence did not disclose that the plaintiffs, W. J. Blair and Alma Blair, had any actual notice of the assignment, but had constructive notice by reason of its assignment being recorded in the office of the register of deeds of Jackson county, Kansas.

"7. That on the 14th day of January, 1926, the plaintiff, Alma L. Blair, paid to P. M. Haas personally as a part payment upon said mortgage the sum of $1,000, and he receipted therefor in the name of P. M. Haas, and the receipt contained the following: 'Said check-draft has been deposited for collection and as soon as paid you will receive the proper credit. A credit of $1,000 is indorsed on the principal of your loan, and the canceled coupon will be mailed to you as soon as received from the mortgagee.' And that at the time the payment was made P. M. Haas did not have in his possession the note referred to, nor the coupon, but the same was in the possession of W. L. Johnson, the owner, at Atchison, Kan..

"8. That on the 29th day of March, 1926, the plaintiff, Alma L. Blair, paid to P. M. Haas at his office in Holton, Kan., as a part payment on said note and mortgage the sum of $700, and received a receipt therefor as before, signed P. M. Haas; that on February 19, 1927, the plaintiff Alma L. Blair paid to P. M. Haas, at his office in Holton, Kan., as a part payment on said note, the sum of $1,000 and received a receipt for the same stated 'payment on Earl E. Whitcraft mortgage, No. 1264,' and signed P. M. Haas, by Kendall M. Haas. That the said Kendall M. Haas was the son of P. M. Haas. At the time said payments were so made the note and mortgage in question was in the hands of its owner, W. L. Johnson, at Atchison, Kan.

"9. That W. L. Johnson, the assignee, and holder of the note and mortgage when the payments were made, did not receive any of the aforesaid sums of money paid to P. M. Haas on the prinicpal; that W. L. Johnson did not know

P. M. Haas, and had never had any direct dealings with him; that W. L. Johnson had received the note and mortgage from Charles Ratterman in Atchison, Kan., and Mr. Ratterman also paid the interest when received to W. L. Johnson; that W. L. Johnson did not know that any payments had ever been made by the Blairs on the principal; that he ·had received two interest payments, one January 23, 1926, and the other on February 21, 1927, and Haas was not at any time his authorized agent for any purpose.

"10. That the said P. M. Haas has been negotiating loans for his wife Minnie B. Haas for a long period of time, and in the last three years has taken and filed for record thirty-five of such mortgages, including the Whitcraft mortgage, in the office of the register of deeds of Jackson county, Kansas, he, P. M. Haas, always delivering the same to the recorder, paying the fees and receiving the same after recording. The evidence does not disclose that Mrs. Haas ever had any of such mortgages in her possession or under her control, not that she paid anything therefor, or received anything on account thereof, but was aware that the said P. M. Haas was so using her name.

"Conclusion of Law.

"The evidence fails to show a cause of action in favor of the plaintiffs and against the defendant, and the defendant is entitled to judgment for costs."

The plaintiffs, for reasons beyond their control, have been unable to procure a transcript of the evidence. To supply that evidence the plaintiffs submit the findings of fact by the court, which, the plaintiffs state, correctly reflect the evidence that was submitted. That statement is not challenged by the defendant. We have then this situation: The defendant, represented by her husband, P. M. Haas, acting as her agent negotiating the loan to the Whitcrafts, which loan was afterward assigned by the defendant to W. L. Johnson, and after that assignment the defendant, through her agent, knowingly accepted from the plaintiffs payments to be applied on the loan. When the payments were made the defendant knew that she was not entitled to receive the money, knew that it was being paid to her by mistake, and thereafter deliberately retained the money and refused to return it to the plaintiffs.

The rights and obligations of the plaintiffs and of W. L. Johnson as between themselves are not involved in this action and are not considered.

In 30 Cyc. 1320 it is said:

"Where money has, by mistake of fact, been paid to the wrong person, it may be recovered back."

In 41 C. J. 50 the following language is used:

"An action for money had and received is the proper form of action for the recovery of money paid under a mistake of facts."

In 2 R. C. L. 784 the law is declared to be:

"It is equally well established, however, that if money is paid under a mistake of the facts it may be recovered back in an action for money had and received; it being considered unconscionable that money so paid should be detained from the payor."

In *Kansas City v. Construction Co.*, 86 Kan. 213, 120 Pac. 347, this court said:

"Where a city, by mistake, issues its warrants for an amount in excess of that due a construction company and pays the warrant to an indorsee the city may recover the overpayment from the construction company." (Syl. ¶ 1.)

The rule that money paid under mistake of fact can be recovered was followed in *Noble v. Doughten*, 72 Kan. 336, 83 Pac. 1048.

The judgment is reversed and the cause remanded to the district court for a new trial.